NORTH CAROLINA    FILED      IN THE GENERAL COURT OF JUSTICE
GUILFORD COUNTY             SUPERIOR COURT DIVISION
          15 JAN 13 PM 12:35         15 CVS 2752
          GUILFORD COUNTY, C.S.C.

| | |
|---|---|
| JONATHAN K. STOUDMIRE, M.D., Individually and d/b/a OUTLOOK BEHAVIORAL HEALTH, INFINITY MEDICAL WEIGHT LOSS, PLLC, COLLEEN STOUDMIRE & LINDSEY MCKINNA, <br><br>           Plaintiffs, <br><br> vs. <br><br> SOFTLAYER TECHNOLOGIES, INC., f/k/a THEPLANET.COM INTERNET SERVICES, INC., DOMAINS BY PROXY, LLC <br>           Defendants. | COMPLAINT |

Plaintiffs, complaining of Defendants, allege and say the following:

## PARTIES

1.      Plaintiff Jonathan K. Stoudmire (Dr. Stoudmire) is a citizen and resident of Cabarrus County, North Carolina and does business as Outlook Behavioral Health (Outlook).

2.      Plaintiff Infinity Medical Weight Loss, PLLC (Infinity) is a professional limited liability company organized and existing under the laws of the State of North Carolina with its principal office and place of business located in Cabarrus County, North Carolina.

3.      Plaintiff Colleen Stoudmire (Ms. Stoudmire) is a citizen and resident of Cabarrus County, North Carolina and, at all times in question, was the Vice-President and Director of Billing and Accounting for Outlook and Infinity.

4.      Plaintiff Lindsey McKinna (Ms. McKinna) is a citizen and resident of Cabarrus County, North Carolina and, at all times in question, was the executive director of Outlook and Infinity.

5.      Upon information and belief, Defendant Softlayer Technologies, Inc., formerly known as ThePlanet.com Internet Services, Inc. (ThePlanet) is a corporation organized and existing under the laws of the State of Texas with its principal office and place of business located in Dallas, Texas. ThePlanet is the hosting provider for defendant Domains By Proxy, LLC, which operates pissedconsumer.com, and which as hosting

provider facilitates the dissemination of material published on pissedconsumer.com. Material facilitated by ThePlanet.com is published in Guilford County, N.C.

6. Upon information and belief, Domains by Proxy, LLC is an Delaware limited liability company, authorized to do business in the state of Arizona, with its registered office in Scottsdale, Arizona, and owns the website pissedconsumer.com, which electronically disseminates materials which are published in Guilford County, North Carolina.

## FACTUAL ALLEGATIONS

7. Plaintiffs reallege the allegations contained in Paragraphs 1-6 of their Complaint and hereby incorporate the same by reference as if fully set forth herein.

8. At all times in question, ThePlanet has hosted and/or operated websites that are published in Guilford County, North Carolina. By "hosting and/or operating," Plaintiffs refer to the following: ThePlanet has hosted and/or operated websites that host written materials, either original or via online republication, among which are materials that are defamatory to Plaintiffs. In addition and/or alternatively, ThePlanet has at all times relevant hereto, provided electronic publication venue and services that are requisite for the publication of materials defamatory to plaintiffs herein. Defendant ThePlanet has the right to affect the disposition of said relevant materials via its status as hosting provider for the defendant website pissedconsumer.com, which is in turn owned by defendant Domains by Proxy, LLC

9. At all times in question herein, defendants ThePlanet and Domains by Proxy, LLC have caused to be posted and/or hosted on the website pissedconsumer.com false statements of material fact, which are abusive, obscene, profane and offensive. Upon information and belief, material defamatory to Plaintiffs and hosted by the defendants via website hosting, publication and/or republication have been and continue to be published on websites hosted and/or operated by ThePlanet and Domains by Proxy.

10. Beginning in at least March 2012 and continuing to the present, defendants have published or caused to be published and/or hosted, and/or facilitated the publication and hosting of material on the Internet, including on websites hosted and/or operated by ThePlanet, false and defamatory material about Plaintiffs such as the following: that Dr. Stoudmire sexually harasses employees; that Dr. Stoudmire is having an affair with plaintiff McKinna; that Dr. Stoudmire has a mistress who runs the company; that there is a large employee turnover rate at Infinity and Outlook; that personnel lacking the required credentials are giving injections and dispensing prescription medication; that multiple complaints have been made to the North Carolina Medical Board about Dr. Stoudmire, Outlook and/or Infinity; that Dr. Stoudmire, Outlook and/or Infinity have engaged in insurance fraud; that Dr. Stoudmire engaged in sexual relationships with current patients while prescribing antidepressant medication; that Dr. Stoudmire is a sexual predictor [sic] and other similar statements.

11. Despite repeated demands to them by Plaintiff to do so, Defendants have willfully failed and refused to remove the above-referenced material from websites hosted and/or operated by the defendants hereto.

12. These statements continue to exist for general accessibility in the archived and/or cached files and/or search features of the Defendants' blogs and/or websites. As such, each statement constitutes a continuing publication with world-wide, 24/7 accessibility, including accessibility in Guilford County, North Carolina.

## FIRST CLAIM FOR RELIEF – DEFAMATION
### (Against Domains by Proxy, LLC)

13. Plaintiffs reallege the allegations contained in Paragraphs 1-12 of their Complaint and incorporates the same by reference as if fully set forth herein.

14. Defendant Domains by Proxy published and continues to publish through its website pissedcobnsumer.com on the Internet false and defamatory statements about Plaintiffs.

15. Such statements were published and are continuing to be published to any and all viewers of blogs and/or websites hosted and/or operated by ThePlanet. Said statements are viewable on a 24/7 basis.

16. Such statements are libelous *per se* in that they allege Plaintiffs have committed infamous crimes, tend to impeach them in their trade or profession and/or otherwise subject the Plaintiffs to contempt and disgrace. Many of said statements also reflect adversely on the professions of the plaintiff and therefore also constitute business defamation and damages are therefore presumed at law.

17. Plaintiff has thereby been damaged in an amount in excess of $10,000.00.

## SECOND CLAIM FOR RELIEF- PUNTIVE DAMAGES
### (Against Domains by Proxy)

18. Plaintiffs reallege the allegations contained in Paragraphs 1-17 of their Complaint and incorporate the same by reference as if fully set forth herein.

19. Domains by Proxy's publication via blogs and/or websites hosted and/or operated by it of the false and defamatory material alleged above was and is willful in that it was a knowing publication of statements made for the purpose of discrediting Plaintiffs and/or with the knowledge of the falsity of the statements and done wantonly in that it was done and is being done heedlessly in reckless disregard of Plaintiffs' rights.

20. Plaintiffs are entitled to recover punitive damages under Chapter 1D of the North Carolina General Statutes because Lail's willful and wanton conduct was and is related to the injury for which compensatory damages should be awarded.

### THIRD CLAIM FOR RELIEF – DEFAMATION
### (Against ThePlanet)

21. Plaintiffs reallege the allegations contained in Paragraphs 1-20 of their Complaint and incorporate the same by reference as if fully set forth herein.

22. ThePlanet has via its internet hosting service published and continues to publish on the blogs and/or website(s) it hosts and/or operates false and defamatory material about Plaintiffs.

23. Such statements were published and are continuing to be published to any and all viewers of websites hosted and/or operated by ThePlanet.

24. Such statements are libelous *per se* in that they allege Plaintiffs have committed infamous crimes, tend to impeach Plaintiffs in their trade or profession and/or otherwise subject the Plaintiffs to contempt and disgrace. Said statements in many instances also constitute business defamation and as such carry the presumption of damage to plaintiffs.

25. Plaintiffs have thereby been damaged in an amount in excess of $10,000.00.

### FOURTH CLAIM FOR RELIEF – PUNITIVE DAMAGES
### (Against ThePlanet)

26. Plaintiffs reallege the allegations contained in Paragraphs 1-25 of their Complaint and incorporate the same by reference as if fully set forth herein.

27. ThePlanet's hosting and/or publication on the blogs and/or website(s) it hosts and/or operates of the false and defamatory material alleged above was and is willful in that it was done for the purpose of discrediting Plaintiffs and/or with the knowledge of the falsity of the statements and done wantonly in that it was done and is being done heedlessly in reckless disregard of Plaintiffs' rights.

28. Plaintiffs are entitled to recover punitive damages under Chapter 1D of the North Carolina General Statutes because Defendant's willful and wanton conduct was and is related to the injury for which compensatory damages should be awarded.

### FIFTH CLAIM FOR RELIEF – UNFAIR AND DECEPTIVE TRADE PRACTICES
### (Against Domains by Proxy)

29. Plaintiffs incorporate and reallege all preceding paragraphs herein.

30. In pissedconsumer.com's "Terms and Conditions," Domains by Proxy publishes and represents to the public that it will not allow the posting of "any defamatory, inaccurate, abusive, obscene, profane, offensive, threatening, harassing . . . or illegal material.

31. The materials posted on Domains by Proxy website violate many, if not all, of these provisions as published concerning the plaintiffs hereto. Additionally, insofar as the materials published and described herein constitute violations of the following criminal statutes: North Carolina General Statutes 14-196.3, 14-277.3A, and 14-47, the statements also violate the prohibition against the publication of illegal materials on the website.

32. In allowing, notwithstanding the provisions and prohibitions represented to the public, publication of materials clearly violative of these provisions – after repeated requests for their removal – and in profiting financially thereby, defendant Domains by Proxy has engaged in a pattern of behavior calculated to deceive in, by and affecting commerce, and has thereby violated N.C.G.S. Section 75, prohibiting Unfair and Deceptive Trade Practices. Plaintiffs have been proximately damaged by the actions of this defendant and are entitled thereby to recover damages, such as may be trebled by a court of law under N.C.G.S. Chapter 75.

### SIXTH CLAIM FOR RELIEF – INJUNCTIVE RELIEF
(Against All Defendants)

33. Plaintiffs reallege the allegations contained in Paragraphs 1-32 of their Complaint and incorporate the same by reference as if fully set forth herein.

34. The statements continue to exist for general accessibility in the archived and/or cached files and/or search features of the Defendants' websites. As such each statement constitutes a continuing publication with world-wide 24/7 accessibility.

35. As long as the above-referenced false and defamatory material continues being published, Plaintiffs are continuing to suffer damage to their trade or profession and are continually being subjected to contempt and disgrace.

36. Plaintiffs are informed and believe that, unless Defendants are, pending this action, directed to remove from their respective websites the above-referenced false and defamatory material about them and restrained and enjoined from publishing such material, Defendants will continue publishing such material, thus causing continuing damage to Plaintiffs and thereby cause irreparable harm to Plaintiffs.

37. Plaintiffs are informed and believe that there is no adequate remedy at law available to them.

38.     Plaintiffs are informed and believe that, pursuant to Rule 65 of the North Carolina Rules of Civil Procedure, they are entitled to have the Court enter a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction ordering Defendants to remove the above-referenced material from their websites and restraining and enjoining Defendants from publishing such material.

   WHEREFORE, Plaintiff prays the Court as follows:

1.     That this verified Complaint be taken as an affidavit upon which the Court can base its orders.

2.     Plaintiff have and recover of Domains by Proxy judgment in an amount in excess of $10,000.00 in compensatory damages under FIRST CLAIM FOR RELIEF.

3.     Plaintiff have and recover of Domains by Proxy judgment in an amount in excess of $10,000.00 in punitive damages under SECOND CLAIM FOR RELIEF.

4.     Plaintiff have and recover of The Planet judgment in an amount in excess of $10,000.00 in compensatory damages under THIRD CLAIM FOR RELIEF.

5.     Plaintiff have and recover of The Planet judgment in an amount in excess of $10,000.00 in punitive damages under FOURTH CLAIM FOR RELIEF.

6.     Plaintiffs have and recover of Domains by Proxy judgment in an amount in excess of $10,000.00 in compensatory damages under FIFTH CLAIM FOR RELIEF, said amount to be trebled if so determined in accordance with the law, and reasonable attorneys fees be awarded.

7.     The Court immediately enter a Temporary Restraining Order, directing Defendants to remove from their respective websites the above-referenced false and defamatory material about Plaintiffs and set a hearing for a day certain for Defendants to appear and show cause why they should not be restrained and enjoined from publishing such material regarding Plaintiffs pending this action under SIXTH CLAIM FOR RELIEF.

8.     The Court enter a preliminary injunction restraining and enjoining Defendants from publishing the above-referenced material about Plaintiffs pending a trial or other disposition on the merits of this case under SIXTH CLAIM FOR RELIEF.

9.     The Court enter a permanent injunction permanently restraining and enjoining Defendants from ever again publishing such false and defamatory material about Plaintiffs under SIXTH CLAIM FOR RELIEF.

10.    The costs of this action be taxed to the Defendants.

11.    A jury trial be had on all issues raised in the pleadings herein.

12.     The Court grant Plaintiffs such other and further relief as it may deem appropriate.

**JURY TRIAL DEMANDED\**

This 5 day of ~~December,~~ Jan 201~~4~~5

William F. May
William F. May
Attorney for Plaintiff
315-F Spring Garden Street
Greensboro, NC 27401
(336) 272-4299